**DISMISS and Opinion Filed October 30, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00824-CV

### IN RE CHASE RYAN EILERS, Relator

**Original Proceeding from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-18101**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

In this original proceeding, relator's petition for writ of mandamus seeks relief

from the trial court's March 25, 2024 de novo ruling adopting the associate judge's

March 5, 2024 report issued in the underlying suit affecting the parent–child

relationship. The trial court's online docket sheet, publicly available via the Dallas

County District Clerk's website, shows that the trial court has issued subsequent

temporary orders. *See In re Johnson*, 599 S.W.3d 311, 311 & n.1 (Tex. App.—Dallas

2020, orig. proceeding) (appellate court may take judicial notice of online docket

sheet when determining jurisdiction). Accordingly, we questioned whether this

original proceeding had been rendered moot. *See In re Barnes*, No. 05-21-00861-

CV, 2022 WL 456547, at *1 (Tex. App.—Dallas Feb. 15, 2022, orig. proceeding) (mem. op.) (concluding that mandamus petition challenging temporary orders was moot after the trial court modified possession schedule). We requested either a motion to dismiss or a letter brief explaining why this original proceeding is not moot.

Relator filed a letter brief contending that this proceeding is not moot. After reviewing relator's letter brief and the record before us, however, we conclude that this original proceeding is moot. Accordingly, we dismiss relator's petition for writ of mandamus.

Additionally, we had previously struck the mandamus petition and record, and we had granted relator leave to re-file a petition and record that complies with rule 9.9 of the Texas Rules of Appellate Procedure. Although relator has filed an amended petition and record, the filings still contain unredacted sensitive data—such as the minors' names—in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. Accordingly, we again strike the petition and record.

/Erin A. Nowell/

240824f.p05

ERIN A. NOWELL
JUSTICE